NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0927n.06
Filed: November 22, 2005

No. 04-4004

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| **ELY RYDER**, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellant,* | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE SOUTHERN |
| v. | ) | DISTRICT OF OHIO |
| | ) | |
| **CITY OF CINCINNATI; JULIA L. MCNEIL,** | ) | **O P I N I O N** |
| | ) | |
| *Defendants-Appellees.* | ) | |

BEFORE:     DAUGHTREY, and COLE, Circuit Judges; HEYBURN, District Court.[*]

**R. GUY COLE, JR., Circuit Judge**.  Plaintiff-Appellant Ely Ryder appeals the district

court's grant of Defendants-Appellees motion to dismiss Ryder's claims that his First and Fourth

Amendment rights were violated after his office was searched and he was discharged in connection

with his role as a named plaintiff in a lawsuit against the City of Cincinnati.

Ryder was employed as an Assistant City Solicitor for the City of Cincinnati.  He also served

as a Trustee of the Board of the Cincinnati Retirement System, an independent trust devoted to

funding the retirements of City of Cincinnati, University of Cincinnati, University Hospital and

Hamilton County employees and retirees.  Both the Retirement System and the City purchased

insurance from Anthem Insurance Companies for many years.  As a result of Anthem's

---

[*]The Honorable John G. Heyburn II, Judge of United States District Court for the Western
District of Kentucky, sitting by designation.

demutualization, the City received approximately 810,000 shares of Anthem stock in 2000. The proceeds of the liquidated stock, over $54 million, were deposited in neighborhood investment capital accounts, where at least half of those funds remain.

Along with eight of the eleven Retirement System Trustees, Ryder sued the City as a taxpayer, alleging that the assets of the Retirement System were for the exclusive benefit the members of the Retirement System, the diversion of the Anthem funds was unlawful and the Retirement System was owed proceeds from the demutualization. Ryder alleges that both the Mayor of Cincinnati and Julia McNeil, the City Solicitor, publicly criticized Ryder for his participation in the suit. He further alleges that McNeil searched or ordered a search of his office, and seized a file marked "Anthem," which contained materials exclusively related to the Retirement System, some of which were marked "Confidential," "Privileged," and "Attorney/Client Privilege." Later in 2003, McNeil relocated Ryder's office to another building, and established a "chinese wall." Shortly thereafter, Ryder was placed on administrative leave, and was subsequently discharged.

Ryder filed suit in district court, alleging that he was discharged because of his involvement in the Retirement System suit, in violation of his First Amendment rights. He further alleged that the search of his office violated his rights under the Fourth Amendment. The City and McNeil sought dismissal of the suit under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which the district court granted. Ryder appeals that order.

This Court reviews a district court's grant of a motion to dismiss *de novo*. *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 451 (6th Cir. 2003). We have thoroughly reviewed the record and the parties' submissions, and can find no error in the district court's conclusions of law.

The preparation of a detailed opinion would thus be unnecessarily duplicative, and we therefore

**AFFIRM** the district court's well-analyzed opinion for the reasons stated therein.